### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| ATIYA J. KIRKLAND, appearing *pro se*, | |
| Plaintiff, | Civil No. 23-1638 (RMB/MJS) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| STATE, et al., | |
| Defendant. | |

**BUMB**, Chief District Judge:

This matter comes before the Court upon the filing of a complaint and application to proceed in forma pauperis ("IFP") by Plaintiff Atiya J. Kirkland (hereafter, "Plaintiff"). [Docket No. 1 (hereafter, "Complaint").] For the reasons set forth herein, the Court will grant Plaintiff's IFP application, but her Complaint will be **DISMISSED WITHOUT PREJUDICE**.

### I. BACKGROUND

Plaintiff's claims stem from a single interaction with "Pennsauken Code [E]nforcer … Ph J. Torres" and another, unknown male Code Enforcer who made a visit to 2269 41st Street in Pennsauken after a PSEG technician had left the property.[1] [Complaint at 3.] Plaintiff alleges that she became "very afraid when the male Pennsauken [C]ode [E]nforcer was pacing back and forth holding his gun on this holster." [*Id.*] Although Plaintiff does not explain why this interaction transpired or why the Code Enforcers even came to the

---

[1] The Complaint does not specify what type of property this is.

property that day, she does allege that the Code Enforcers "failed to show [i]dentification," falsely accused her, and "threat[ed] to arrest" her if she did not consent to their questioning.[2] [*Id.*]

Plaintiff claims that her "right to privacy" was violated when she was forced to undergo questioning "under threat, duress[,] and coercion." [*Id.*] Plaintiff asserts that the Court has subject matter jurisdiction over her claims because the following causes of action invoke the Court's federal question jurisdiction: Treaty of Peace and Friendship; Supremacy Clause of the Constitution of the United States of America (Article VI, paragraph 2); Doctrine of Preemption (Article VI Clause 3 and Article I Section 9 Clause 3); Aggravated Identify Theft (18 U.S.C. § 1028A); and Deprivation of Rights Under Color of Law (42 U.S.C. § 1983 and 18 U.S.C. § 242). Plaintiff expressly alleges that the injury she sustained constitutes "molestation" and provides the following non-legal definition: "the action of pestering or harassing someone in an aggressive of persistent manner, trespassing to the person – any unwanted or unjustified interference with a person's body, liberty, or rights." [Complaint at 4.]

Finally, Plaintiff seeks relief in the form of a public apology from Mr. Torres and the unknown code enforcer who accompanied him and $5,000,0000 in total monetary damages. [*Id.*] Plaintiff asserts that she should be compensated $1,000,000 for each of her claims, which she describes later in the complaint as "for the false claim against me … for trespass … for action taken against me, deprivation of rights under color of law 18 U.S.C. § 242 …

---

[2] What Plaintiff was falsely accused of by the Code Enforcers, as well as what the basis for the threatened arrest was, remain unclear and are not specified in the Complaint.

aggravated identity theft … for 42 U.S.C. § 1983 … and for violating the Treaty of Peace and Friendship." [*Id.*] Plaintiff also requests that the Court "correct the record." [*Id.*]

## II. LEGAL STANDARDS

### A. IFP Application

When a non-prisoner seeks permission to proceed IFP under 28 U.S.C. § 1915, the applicant must submit an affidavit that includes a complete list of the applicant's assets and establishes that the applicant is unable to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Roy v. Penn. Nat'l Ins. Co.*, Civ. No. 14-4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (internal citations omitted). The decision to grant or deny an IFP application is based solely upon the economic eligibility of the applicant. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

### B. *Sua Sponte* Dismissal

Once an application to proceed IFP has been granted, the Court is required to screen the Complaint and dismiss the action *sua sponte* "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In fact, the Federal Rules of Civil Procedure require the Court to dismiss any claim, prior to service, that fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or dismiss any defendant who is immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii).

Federal Rule of Civil Procedure 8(a) sets forth the pleading standards and requirements that the Complaint must satisfy:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Thus, to survive a *sua sponte* screening for failure to state a claim, the Complaint must allege "sufficient factual matter" to show that the claim is factually plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening the Complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of Section 1915(e)(2), the former Section 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995). A determination of "maliciousness" requires a subjective inquiry into the litigants motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. *Id.* at 1086.

4

## III. ANALYSIS

### A. IFP Application

Plaintiff qualifies for permission to proceed IFP. In her affidavit, Plaintiff indicates that she is unemployed, has no assets, and has no source of monthly income. [Docket No. 1-1.] Upon review, the Court finds that Plaintiff established that she lacks the financial ability to pay the filing fee. Accordingly, the Court will grant Plaintiff's IFP Application.

### B. Plaintiff's Complaint Fails To State A Claim Upon Which Relief May Be Granted

Put simply, the facts alleged in the Complaint do not give rise to the claims Plaintiff asserts. Plaintiff's allegations that she was threatened, harassed, and questioned by two Pennsauken Code Enforcers do not support any of the constitutional challenges brought under the supremacy clause, the doctrine of preemption, or the Treaty of Peace and Friendship. Similarly, Plaintiff asserts a claim of aggravated identity theft, but pleads no facts implicating that her identify was ever stolen by the defendants.

Plaintiff's claims for deprivation of civil rights fare no better. Plaintiff names the following four defendants in the Complaint: Mr Torres, the "State," "PSEG," and Pennsauken Municipal Court Judge the Honorable Steven M. Petrillo. [Complaint at 1.] However, the Complaint does not specify how any of these entities or Judge Petrillo are implicated since the allegations pertain only to the actions of the individual Code Enforcers. The Court finds that Plaintiff has also failed to allege a viable Section 1983 claim against Mr. Torres because she does not allege that he was acting under color of state law or that in so acting he caused a deprivation of a particular, constitutional right. *See Hammon v. Kennett Twp.*, 746 F. App'x 146, 148 (3d Cir. 2018). Plaintiff's reference to a federal criminal statute, 18 U.S.C. § 242, is futile since federal criminal statutes do not provide private causes of

action. *See Hoegemann v. Palma*, 2017 WL 455930, at *6 (D. Conn. Feb. 2, 2017). Finally, the Court does even have the equitable power to order a public apology from the individual Code Enforcers, only one of whom is named as a defendant. *See Cisco v. Myers*, 2020 WL 1033546, at *2 (collecting cases denying a request for a public apology from an officer implicated as a defendant in a Section 1983 action).

Thus, Plaintiff has failed to state any claim upon which relief may be granted based on the facts alleged. Whatever dictionary definition of "molestation" Plaintiff has cited will not suffice. Plaintiff must point to some legitimate, federal authority that provides her with a cause of action and satisfies this Court as to its federal subject matter jurisdiction.

## IV. CONCLUSION

For the reasons stated above, Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, **IT IS** on this **5th** day of **April 2023**, hereby

**ORDERED** that Plaintiff's IFP Application [Docket No. 1-1] is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1); Plaintiff may move to reopen her case within 30 days from the date of this Order, attaching to any such motion a proposed Amended Complaint which addresses the deficiencies of the original Complaint; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Order via regular U.S. mail and **CLOSE THIS CASE**.

s/Renée Marie Bumb
Renée Marie Bumb
Chief District Judge
